TRACY L. WILKISON
United States Attorney
SCOTT M. GARRINGER
Assistant United States Attorney
Chief, Criminal Division
JEREMIAH LEVINE (Cal. Bar No. 288377)
Assistant United States Attorney
Violent and Organized Crime Section
    1300 United States Courthouse
    312 North Spring Street
    Los Angeles, California 90012
    Telephone:    (213) 894-8323
    Facsimile:    (213) 894-0141
    E-mail:    Jeremiah.Levine@usdoj.gov

Attorneys for Plaintiff
UNITED STATES OF AMERICA

UNITED STATES DISTRICT COURT

FOR THE CENTRAL DISTRICT OF CALIFORNIA

| UNITED STATES OF AMERICA, | No. CR 17-00112-JAK-1 |
|---|---|
| Plaintiff, | GOVERNMENT'S SENTENCING MEMORANDUM REGARDING DEFENDANT WILLIAM CECIL ETHERIDGE |
| v. | |
| WILLIAM CECIL ETHERIDGE, | Hearing date: May 26, 2022 |
| Defendant. | Hearing time: 8:30 A.M. |

Plaintiff United States of America, by and through its counsel of record, the United States Attorney for the Central District of California and Assistant United States Attorney Jeremiah Levine, hereby files its sentencing position regarding defendant William Cecil Etheridge.

This sentencing position is based upon the attached memorandum of points and authorities, the files and records in this case, the Presentence Investigation Report and Recommendation Letter prepared by the United States Probation Office, and any other evidence or argument that the Court may wish to consider at the time of sentencing. The government respectfully requests the opportunity to supplement its position or respond to defendant as may become necessary.

Dated: May 12, 2022        Respectfully submitted,

TRACY L. WILKISON
United States Attorney

SCOTT M. GARRINGER
Assistant United States Attorney
Chief, Criminal Division

    /s/ *Jeremiah Levine*
JEREMIAH LEVINE
Assistant United States Attorney

Attorneys for Plaintiff
UNITED STATES OF AMERICA

**MEMORANDUM OF POINTS AND AUTHORITIES**

**I. INTRODUCTION**

Defendant William Cecil Etheridge ("defendant") pleaded guilty on January 27, 2022, to Assault With A Deadly Weapon With Intent To Do Bodily Harm, in violation of 18 U.S.C. § 113(a)(3). The United States Probation Office ("USPO") issued a Presentence Investigation Report ("PSR") in this case, calculating a Guideline range of 77 to 96 months' imprisonment, one to three years' supervised release, and a mandatory special assessment of $100. (Dkt. 211 ¶¶ 182-192.) The USPO's recommendation letter call for 77 months' imprisonment, three years' supervised release, and a mandatory special assessment of $100. (Dkt. 210 at 1.) The USPO recommended that defendant's sentence run consecutive to his undischarged term of imprisonment imposed in the District of Nevada in United States v. Etheridge, Case No. 17-CR-252-JAD-1. (Id.) The government agrees with the USPO's calculations and its ultimate recommendation, except that pursuant to defendant's plea agreement, the government takes no position on whether the sentence in the instant case should consecutively or concurrently with the sentence that defendant is currently serving.

**II. STATEMENT OF FACTS**

At the time of the offense conduct, Defendant was an inmate at the United States penitentiary in Victorville, California. (PSR ¶ 18.) The remaining facts of the case were described in defendant's plea agreement:

> On July 28, 2016, at the United States Penitentiary at Victorville ("FCI Victorville"), in the Central District of California, defendant, an inmate at FCI Victorville, and another inmate assaulted victim G.A.G. in a shower stall located in the

prison's General Housing Unit.  G.A.G. was naked during the assault, while defendant and the other attacker were clothed. During the assault, defendant punched victim G.A.G., beat him with victim G.A.G.'s own cane, and kicked victim G.A.G. with shoes in a way that was capable of causing serious bodily injury to victim G.A.G., and with a display of force that reasonably caused victim G.A.G. to fear immediate bodily harm.  Victim G.A.G. was then thrown out of the shower stall and onto the floor.  While victim G.A.G. was naked and on his hands and knees on the floor, defendant and another inmate continued to punch victim G.A.G. and kick victim G.A.G. with shoes in the face, head, and torso, in a way that was capable of causing serious bodily injury to victim G.A.G.  During the assault, G.A.G. did not fight back.  The weapons in this case, shoes and a cane, were used in ways that could have led to death or serious bodily injury.  Because of the assault, victim G.A.G. suffered serious bodily injury, specifically, extreme pain, contusions to his head, a swollen lip, nausea, and dizziness.  During the assault, defendant intended to do bodily harm to victim G.A.G.

On August 11, 2016, at FCI Victorville, in the Central District of California, while defendant was an inmate at FCI Victorville, defendant and two other inmates repeatedly and intentionally punched and kicked fellow inmate and victim W.O.A. in the head and torso.  Once victim W.O.A. fell to the ground from the beating, defendant and his two co-defendants continued to stomp on him and kick him.  Defendant's assault on victim W.O.A. lasted approximately 50 seconds, causing W.O.A. bodily

      injury that required medical attention, specifically, bruises on his forehead, abrasions, and pain in his abdomen.

(Dkt. 201 ¶ 12.)[1]

## III. SENTENCING GUIDELINE CALCULATION

The USPO calculated defendant's base offense level as 14 under U.S.S.G. § 2A2.2(a). (Id. ¶ 29.) The USPO added four levels under U.S.S.G. § 2A2.2(b)(2)(B) because defendant used a dangerous weapon in the assault. (Id. ¶ 30.) The USPO then added five levels under U.S.S.G. § 2A2.2(b)(3)(B) because defendant inflicted serious bodily injury on the victim. (Id. ¶¶ 31-32.) The foregoing would indicate an offense level of 23. However, the USPO increased defendant's offense level to 24 because defendant is a career offender who violated a statute with a statutory maximum sentence of ten years but less than 15 years' imprisonment, pursuant to U.S.S.G. § 4B1.1(b)(5). (Id. ¶¶ 38-39.) After a three-level reduction for defendant's acceptance of responsibility under U.S.S.G. § 3E1.1(a), (b), the USPO calculated a total offense level of 21. (Id. ¶¶ 40-41.) Thus, the total offense level is as follows:

---

[1] The count to which defendant pled guilty concerns only the assault on July 28, 2016. The assault on August 11, 2016, is also relevant conduct.

3

| Base Offense Level: | 14 | [U.S.S.G. § 2A2.2(a)] |
|---|---|---|
| Using Dangerous Weapon: | +4 | [U.S.S.G. §2A2.2(b)(2)(B)] |
| Inflicting serious bodily injury | +5 | [U.S.S.G. §2A2.2(b)(3)(B)] |
| Career offender | Increase to 24 | [U.S.S.G. §4B1.1(b)(5)] |
| Early Acceptance of Responsibility for Offense Level of 16 or Greater | -3 | [U.S.S.G. § 3E1.1(b)] |
| **Total offense level** | 21 | |

(Id. ¶¶ 29-41.)

The USPO further calculated that defendant has 15 criminal history points. (Id. at ¶ 109.) Defendant committed the instant offense while under a criminal justice sentence, adding two points for a score of 17. (Id. at ¶¶ 110-111.) That places defendant in Criminal History Category VI. (Id. ¶ 111.) Defendant is also in Criminal History Category VI because he is a career offender. (Id. ¶ 112.) Based on a total offense level of 21 and a Criminal History Category of VI, defendant's Guideline range is 77 to 96 months' imprisonment and one to three years' supervised release. (Id. ¶¶ 183, 188.) The United States concurs with this calculation.

In its Recommendation Letter, the USPO recommends that the Court sentence defendant to 77 months' imprisonment and three years' supervised release, and require defendant to pay a mandatory special assessment of $100. (Dkt. 210 at 1.) The United States concurs with this recommendation.

The USPO also recommended that defendant serve the instant sentence currently to his undischarged term in the District of

Nevada. The government takes no position as to whether the instant sentence should be consecutive or concurrent.

**IV. A 77-MONTH LOW-END SENTENCE IS APPROPRIATE BASED ON THE RECORD AS A WHOLE**

Based on the calculations above and the factors set forth in 18 U.S.C. § 3553(a), the government recommends that defendant be sentenced to 77 months' imprisonment, which is the low end of the applicable Guidelines range, a three-year period of supervised release, and a $100 special assessment.

Defendant's conduct calls for a Guidelines sentence. Defendant and another assailant attacked a naked man in the shower and beat him with his own cane. (PSR ¶¶ 19-20.) (Id.) The victim did not fight back, but the beating continued. (Id.) The victim suffered extreme pain, bruises, swelling, nausea, and dizziness. (Id.)

After that beating, defendant and two other men attacked another victim. (Id. ¶ 20.) After this man fell to the ground, defendant and the others continued stomping on his body. (Id.) Clearly, in spite of his incarceration, defendant remains a danger.

Defendant is also a career offender, and should be sentenced accordingly. Defendant's sentencing brief objects that he is not a career offender, but offers no support for that claim. The PSR is correct when it notes that defendant has two prior predicate felonies, and that defendant was an adult when he committed the instant offense (PSR at 2, ¶¶ 107, 108.) Moreover, the instant assault is a crime of violence, meaning that defendant has satisfied the career offender criteria at U.S.S.G. § 4B1.1.

Defendant argues that his sentence should be low because his co-defendant, Chad Loftin, received a sentence of 11 months. (Dkt.

5

214.) But that argument is not persuasive because Loftin pled guilty only to the attack on victim W.O.A. (Dkt. 96.) Loftin was not involved in the more serious attack against victim G.A.G. to which defendant pled guilty.

There are also mitigating factors that make a low-end sentence appropriate. Defendant's sentencing brief indicates that he is currently sober, which may help him behave less violently when released. (Dkt. 214.) Defendant also credibly claims that he was compelled to commit the instant offenses by the prison inmate hierarchy. (Id.)

Finally, defendant should be sentenced to three years' supervised release. Given defendant's significant criminal history and drug use, after his release for the instant crime, he will need the structure of supervised release to reenter civilian life.

**V. CONCLUSION**

For the foregoing reasons, the government respectfully requests the imposition of a sentence of 77 months' imprisonment, a three-year term of supervised release, and a mandatory special assessment of $100.

6